JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ashley McKay

**DEFENDANTS**
TJX Companies, Inc & Vered Cosmetique, Inc.

**(b)** County of Residence of First Listed Plaintiff: Montgomery, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex Co, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph F. Schwartz, Esq. Silver & Silver
42 W. Lancaster Ave., Ardmore, PA 19003
610-658-1900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Section 1332
Brief description of cause:
Faulty hairdryer that caught fire & burned plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 6/28/2017
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 48 S. Wyoming Ave. Ardmore, PA 19003

Address of Defendant: Deft 1 - 770 Cochituate Rd, Framingham, MA 01701
Deft 2 - 14335 S. Denker Ave. Gardena, CA 90247

Place of Accident, Incident or Transaction: Home of Plaintiff
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                        Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/28/2017  _____  87550
                 Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

ASHLEY Mc KAY                           :     CIVIL ACTION
                v.                      :
The TJX Companies, INC d/b/a            :
    T.J. MAXX                           :     NO.
& VERED COSMETIQUE, INC                 :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

____6/28/17____      _____/s/_____           Joseph F. Schwartz, Esq.
Date                 Attorney-at-law         Attorney for  PLAINTIFF

610-658-1900         610-658-0668            JSCHWARTZ @ SILVERAND
                                                           SILVER.COM
Telephone            FAX Number              E-Mail Address

(Civ. 660) 10/02

SILVER & SILVER
By:  Joseph F. Schwartz, Esquire
Identification No.: 87550
42 W. Lancaster Ave., Third Floor
Ardmore, PA 19003
(610) 658 – 1900                                                                  **Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY MCKAY<br>48 S. Wyoming Avenue<br>Ardmore, PA 19003 | : <br> : <br> : <br> : | Civil Action |
| v. | : <br> : | No.: |
| THE TJX COMPANIES, INC.<br>d/b/a T.J. MAXX<br>770 Cochituate Road<br>Framingham, MA 01701<br>&<br>VERED COSMETIQUE, INC.<br>14335 S. Denker Avenue<br>Gardena, CA 90247 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

**COMPLAINT-CIVIL ACTION**
**PRODUCTS LIABILITY**

### I.    PARTIES

1. Plaintiff Ashley McKay (hereinafter referred to as "Ashley McKay") is an adult individual who resides at 48 S. Wyoming Avenue, Ardmore, Pennsylvania, 19003.

2. Defendant The TJX Companies (hereinafter referred to as "TJX"), upon information and belief, is a Delaware corporation with a principal place of business located at 770 Cochituate Road, Framingham, Massachusetts, 01701.

3. Defendant Vered Cosmetique, Inc. (hereinafter referred to as "Vered"), upon information and belief, is a California corporation with a principal place of business located at 14335 S. Denker Avenue, Gardena, CA 90247.

1

4. At all times material hereto, the Defendants, and each of them, were acting individually, on their own behalf, or through their agents, servants, and employees, who were acting on their own behalf and within the scope and course of their authority and employment.

5. At all times material hereto, Defendant TJX and/or Defendant Vered was in the business of designing, formulating, manufacturing, developing, assembling, distributing, inspecting, licensing, marketing, specifying or recommending, certifying, labeling, packaging, formulating, producing, testing, compounding, marketing, selling, or otherwise supplying either directly or indirectly through third parties or related entities, a hair dryer known as "Model RX7 Superlite" (hereinafter referred to as "Model RX7 Superlite").

## II. JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in the United States District Court for the Eastern District of Pennsylvania. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

    a. Plaintiff is a citizen of the state of Pennsylvania;

    b. Defendant TJX is a Delaware corporation with its principal place of business in Massachusetts;

    c. Defendant Vered is a California corporation with its principal place of business in California;

    d. The acts and omission giving rise to this action occurred in the Eastern District of Pennsylvania;

    e. Defendants regularly conduct business in the Eastern District of Pennsylvania and may be found and served here; and

f.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. FACTUAL AVERMENTS

7. On or about December 14, 2013, Plaintiff purchased Defendant Vered's Model RX7 Superlite hair dryer from Defendant TJX's retail store, located at 550 Lancaster Avenue, St. David's, PA 19087.

8. On or about December 14, 2013, Plaintiff read all instructions for proper use of the Vered Model RX7 Superlite on or within the product's packaging, and followed the instructions accordingly when drying her hair, at all times using the product as recommended.

9. On or about February 9, 2016, in the course of proper and recommended use of the hair dryer, the Model RX7 Superlite caught on fire. Plaintiff's shirt subsequently caught on fire, causing second to third degree burns and permanent scarring on her chest.

10. Prior to February 9, 2016, Defendants knew or should have known that the Model RX7 Superlite posed a hazard to its users, including Plaintiff, due to a risk of fire.

11. Prior to February 9, 2016, Defendants knew or should have known that the Model RX7 Superlite posed a fire hazard because of complaints about the product that had been placed on the internet by consumers.

12. As designed, manufactured, and sold by Defendants, the Model RX7 Superlite product design exposed Plaintiff to an unreasonably dangerous condition and harm, presented and caused by the Model RX7 Superlite.

13. It is believed and averred that Defendants' product failed to perform a function pursuant to its designed purpose, i.e. drying one's hair.

14. The Model RX7 Superlite failed to perform as safely as an ordinary consumer, including Plaintiff, would expect when used in an intended and/or reasonably foreseeable manner, i.e. drying one's hair.

15. The Model RX7 Superlite did not meet consumer expectations for safety because it presented an unreasonable fire hazard to its consumers, including Plaintiff.

16. The Model RX7 Superlite presented an unreasonable fire hazard which significantly outweighed any utility of the design in achieving the function of the product, i.e. drying one's hair.

17. The Model RX7 Superlite was in a defective condition because the risk of fire was unknowable and unacceptable to the average or ordinary consumer, including Plaintiff.

18. The Model RX7 Superlite was in a defective condition because a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precaution.

19. The defective condition in the Model RX7 Superlite existed prior to December 14, 2013, when it left the hands of the Defendants.

20. The defect in the Model RX7 Superlite caused the harm and injuries sustained by Plaintiff on or about February 9, 2016.

21. The Model RX7 Superlite was sold by Defendants with defective warnings and instructions.

22. Defendants failed to properly or adequately incorporate feasible guards, designs and components and other elements/components necessary to make the Model RX7 Superlite safe for its intended uses and without conditions that made it unsafe for its intended uses and/or foreseeable uses or misuses.

23. The Model RX7 Superlite's defects created a hazard and/or danger of harm, realized here, that would have been minimized or eliminated through a feasible alternative design.

24. Defendants' product, as designed, manufactured and/or sold, created a danger that would have been eliminated or minimized by a feasible alternative design and/or proper or adequate warning and/or instructions which Defendant did not provide with the Model RX7 Superlite as designed, manufactured and sold with this product.

25. This incident would have been avoided through a feasible safety design and/or proper and adequate instructions and warnings.

26. Defendants had a duty to their customers, including Plaintiff, to sell products that are free from defective conditions that are unreasonably hazardous to their consumers.

27. Defendants breached that duty by selling the Model RX7 Superlite to Plaintiff.

28. Solely as a result of the acts and/or omissions of Defendants as hereinafter set forth, Plaintiff sustained injuries, including but not limited to: second degree burns and permanent scarring.

29. As a result of these injuries, Plaintiff has sustained the following damages:
    a. She has suffered and/or will continue to suffer serious and severe injuries, specifically scarring and disfigurement, to her body.
    b. She has suffered and/or will continue to suffer great pain, suffering, inconvenience, embarrassment, and mental anguish.
    c. She has been or will be required to spend sums of money for medical attention, medicines, and attendant services.
    d. She has suffered emotional distress and/or will continue to suffer emotional distress.

  e. She has or may suffer other damages.

## COUNT I: STRICT LIABILITY
## PLAINTIFF ASHLEY MCKAY V. DEFENDANT TJX

30. Plaintiff incorporates by reference, paragraphs 1 through 29, as if the same were fully set forth at length.

31. The subject product was designed, manufactured, developed, distributed, assembled, produced, inspected, licensed, promoted, packaged, processed, compounded, labeled, specified or recommended, certified, marketed, sold, or otherwise supplied and placed in the stream of commerce as heretofore set forth by Defendant TJX in a manner which was not in a good and proper workmanlike fashion, in a defective condition unreasonably dangerous to the ultimate users, consumers, and bystanders, including Plaintiff Ashley McKay.

32. The product was expected to and did reach the ultimate users, consumers, and bystanders, including Plaintiff Ashley McKay, without substantial change or alteration and in the same or substantially the same condition as when it was manufactured, sold, labeled, or distributed, while in or as it left the possession and control of Defendant TJX.

33. The aforementioned Model RX7 Superlite was defective and unsafe when it left the control of Defendant TJX, in that it was not safe for the reasonably foreseeable use which subjected Plaintiff Ashley McKay to serious injuries when the aforementioned product was used in a reasonable and foreseeable manner.

34. Defendant TJX is strictly liable to the Plaintiff pursuant to 402A of the Restatement (Second) of Torts.

35. The aforementioned Model RX7 Superlite was not equipped with every element necessary to make it safe for reasonably foreseeable use.

36. The aforementioned Model RX7 Superlite was equipped with insufficient warnings for the injuries that could occur through the reasonable and intended use.

37. As a direct and proximate result of the aforementioned unsafe and defective condition of the Model RX7 Superlite, Plaintiff Ashley McKay sustained the injuries and damages set forth in preceding paragraphs.

**WHEREFORE**, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant TJX in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

## COUNT II: STRICT LIABILITY
## PLAINTIFF ASHLEY MCKAY V. DEFENDANT VERED

38. Plaintiff incorporates by reference, paragraphs 1 through 37, as if the same were fully set forth at length.

39. The subject product was designed, manufactured, developed, distributed, assembled, produced, inspected, licensed, promoted, packaged, processed, compounded, labeled, specified or recommended, certified, marketed, sold, or otherwise supplied and placed in the stream of commerce as heretofore set forth by Defendant Vered in a manner which was not in a good and proper workmanlike fashion, in a defective condition unreasonably dangerous to the ultimate users, consumers, and bystanders, including Plaintiff Ashley McKay.

40. The product was expected to and did reach the ultimate users, consumers, and bystanders, including Plaintiff Ashley McKay, without substantial change or alteration and in the same or substantially the same condition as when it was manufactured, sold, labeled, or distributed, while in or as it left the possession and control of Defendant Vered.

41. The aforementioned Model RX7 Superlite was defective and unsafe when it left the control of Defendant Vered, in that it was not safe for the reasonably foreseeable use which subjected Plaintiff Ashley McKay to serious injuries when the aforementioned product was used in a reasonable and foreseeable manner.

42. Defendant Vered is strictly liable to the Plaintiff pursuant to 402A of the Restatement (Second) of Torts.

43. The aforementioned Model RX7 Superlite was not equipped with every element necessary to make it safe for reasonably foreseeable use.

44. The aforementioned Model RX7 Superlite was equipped with insufficient warnings for the injuries that could occur through the reasonable and intended use.

45. As a direct and proximate result of the aforementioned unsafe and defective condition of the Model RX7 Superlite, Plaintiff Ashley McKay sustained the injuries and damages set forth in the preceding paragraphs.

**WHEREFORE**, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant Vered in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

### COUNT III: NEGLIGENCE

### PLAINTIFF ASHLEY MCKAY V. DEFENDANT TJX

46. Plaintiff incorporates by reference, paragraphs 1 through 45 as if the same were fully set forth at length.

47. The injuries, losses, and damages sustained by Plaintiff Ashley McKay as foresaid, were the direct and proximate result of the negligence and carelessness of Defendant TJX in the following:

8

a. In placing into the stream of commerce the product which was in a defective condition;

b. In failing to remove the product from sale;

c. In failing to follow and in violating applicable laws, safety codes and regulations, governmental or industry standards applicable to said product and sale of said product;

d. In failing to provide proper and adequate instructions, manuals, information, and recommendations relative to the safe use and application testing relative to the use of said product;

e. In failing to provide a properly designed, assembled, manufactured, and labeled product;

f. In selling, supplying, specifying, or recommending, a product not reasonably fit for its intended use;

g. In failing to discover the defective nature of the product;

h. In failing to properly test and inspect the product;

i. In selling and/or otherwise supplying a product with latent defects;

j. In failing to remove/recall from the market when the Defendant knew or should have known of the hazards of use and the defective nature of the product.

48. As a direct result of the negligence of Defendant TJX, Plaintiff Ashley McKay suffered injuries as described in detail above.

   **WHEREFORE**, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant TJX jointly and severally in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

## COUNT IV: NEGLIGENCE

## PLAINTIFF ASHLEY MCKAY V. DEFENDANT VERED

49. Plaintiff incorporates by reference, paragraphs 1 through 48 as if the same were fully set forth at length.

50. The injuries, losses, and damages sustained by Plaintiff Ashley McKay as foresaid, were the direct and proximate result of the negligence and carelessness of Defendant Vered in the following:

   a. In placing into the stream of commerce the product which was in a defective condition;

   b. In failing to remove the product from sale;

   c. In failing to follow and in violating applicable laws, safety codes and regulations, governmental or industry standards applicable to said product and sale of said product;

   d. In failing to provide proper and adequate instructions, manuals, information, and recommendations relative to the safe use and application testing relative to the use of said product;

   e. In failing to provide a properly designed, assembled, manufactured, and labeled product;

   f. In selling, supplying, specifying, or recommending, a product not reasonably fit for its intended use;

   g. In failing to discover the defective nature of the product;

   h. In failing to properly test and inspect the product;

   i. In selling and/or otherwise supplying a product with latent defects;

j. In failing to remove/recall from the market when the Defendant knew or should have known of the hazards of use and the defective nature of the product.

51. As a direct result of the negligence of Defendant Vered, Plaintiff Ashley McKay suffered injuries as described in detail above.

**WHEREFORE**, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant Vered jointly and severally in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

## COUNT V: BREACH OF WARRANTY – EXPRESS AND IMPLIED
## PLAINTIFF ASHLEY MCKAY V. DEFENDANT TJX

52. Plaintiff incorporates by reference paragraphs 1 through 51 as if the same were fully set forth at length.

53. At some time prior to February 9, 2016 and well known to Defendant TJX, Defendant expressed warranties that the subject Model RX7 Superlite was safe for use for the purposes intended and was of merchantable quality.

54. At some time prior to February 9, 2016 and well known to Defendant TJX, Defendant warranted by implication that the aforementioned Model RX7 Superlite was reasonably fit for purposes intended and was of merchantable quality.

55. That said representations and warranties set forth in paragraphs 53 and 54 were included in the sales bargain of the aforementioned product and were relied upon by the purchaser.

56. In truth and in fact, the said representations were false.

57. As a direct and proximate result of the aforesaid breach of express and implied warranties, Plaintiff Ashley McKay suffered the injuries and damages set forth in the preceding paragraphs.

WHEREFORE, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant TJX in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

## COUNT VI: BREACH OF WARRANTY – EXPRESS AND IMPLIED
## PLAINTIFF ASHLEY MCKAY V. DEFENDANT VERED

58. Plaintiff incorporates by reference paragraphs 1 through 57 as if the same were fully set forth at length.

59. At some time prior to February 9, 2016 and well known to Defendant Vered, Defendant expressed warranties that the subject Model RX7 Superlite was safe for use for the purposes intended and was of merchantable quality.

60. At some time prior to February 9, 2016 and well known to Defendant Vered, Defendant warranted by implication that the aforementioned Model RX7 Superlite was reasonably fit for purposes intended and was of merchantable quality.

61. That said representations and warranties set forth in the preceding paragraphs were included in the sales bargain of the aforementioned product and were relied upon by the purchaser.

62. In truth and in fact, the said representations were false.

63. As a direct and proximate result of the aforesaid breach of express and implied warranties, Plaintiff Ashley McKay suffered the injuries and damages set forth in the preceding paragraphs.

WHEREFORE, Plaintiff Ashley McKay requests this Honorable Court to enter judgment in her favor and against Defendant Vered in an amount in excess of $75,000.00, in addition to interest, costs, and delay damages.

SILVER & SILVER

By: _____
Joseph F. Schwartz, Esquire
Attorney for Plaintiffs

Date: 6/28/17